# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE C. FORRESTER WINNE, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3; U.S. BANK NATIONAL ASSOCIATION; TRANSWORLD SYSTEMS, INC.; ABRAHAMSEN RATCHFORD, P.C.; VCG SECURITIES, LLC; PNC BANK, N.A.; CHARTER ONE BANK, N.A.; and TURNSTILE CAPITAL MANAGEMENT,<br><br>*Defendants*. | C.A. No. 1:16-cv-00229-JDL |

## DEFENDANT CITIZENS BANK, N.A.'S MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Citizens Bank, N.A. ("Citizens"), erroneously named as "Charter One Bank, N.A.," moves to dismiss each and every count (Counts III and IV) that Plaintiff asserts against Citizens in the First Amended Class and Collective Action Complaint and Demand for Jury Trial and Injunctive Relief (Doc. 3) for failure to state a claim upon which relief can be granted. The grounds for Citizens' motion are set forth below.

## INTRODUCTION

Plaintiff brings this case to recover for the alleged misconduct of several debt collectors that sought repayment of two student loans. One of the two student loans was issued almost 12

years ago by Charter One—now Citizens. Citizens no longer owns the loan at issue. Nor does Plaintiff allege otherwise. Citizens is not a debt collector; it had no role or responsibility in and received no benefit from the other defendants' debt collection efforts. Again, Plaintiff does not allege otherwise. Her claims against Citizens are brought under the federal Truth in Lending Act and the Maine Unfair Trade Practices Act. These claims, however, fail to state a claim against Citizens. They are both barred by the applicable statutes of limitations and are otherwise legally infirm. There simply is no basis for holding Citizens liable for unrelated entities' debt collection activities with respect to a nearly 12-year-old loan that Citizens does not own.

## BACKGROUND

Plaintiff Jane Forrester-Winne alleges that she is a former student who obtained numerous student loans from various sources between 1981 and 2008. Am. Compl. (Doc. 3) ¶¶ 27-28. Two private student loans are at issue in this case: (1) a private student loan that Plaintiff obtained from Charter One Bank, N.A. ("Charter One") in 2004 (the "former Charter One loan"); and (2) a private student loan that Plaintiff obtained from PNC Bank, N.A. ("PNC") in 2005. Ex. A to Am. Compl (Doc. 3-1); Ex. B. to Am. Compl. (Doc. 3-2). Plaintiff alleges that Charter One and PNC eventually sold these loans to National Collegiate Student Loan Trust 2005-1 ("NCSLT 2005-1") and National Collegiate Student Loan Trust 2005-3 ("NCSLT 2005-3"), respectively. Am. Compl. ¶¶ 1, 69, 96, 119. NCSLT 2005-1 and NCSLT 2005-3, acting through the law firm of Abrahamsen Ratchford P.C. ("Abrahamsen Ratchford"), allegedly have attempted to collect from Plaintiff the outstanding amounts owed on these loans. Am. Compl. ¶¶ 51-60. These collection actions, taken by parties unrelated to Charter One, with respect to a loan no longer owned by Charter One, appear to have precipitated this lawsuit. *See* Am. Compl.

Specifically, Plaintiff claims that she "believed" that every student loan she obtained between 1981 through 2008 was a "public" student loan backed by the United States Department of Education. Am. Compl. ¶ 32. Plaintiff alleges that due to her inability to pay her public student loans, the Department of Education eventually granted her a discharge. Am. Compl. ¶ 33. Plaintiff claims, however, that in 2014, sometime after she received a discharge of her public student loans, debt collectors acting on behalf of NCSLT 2005-1 and NCSLT 2005-3 began to contact her in connection with the private student loans that she obtained from Charter One and PNC. Am. Compl. ¶¶ 42, 51-60, 69. Plaintiff claims that she does not recall applying for the former Charter One or PNC loans or receiving the disclosure statements for those loans. Am. Compl. ¶¶ 61, 68, 72, 79. Plaintiff also claims that she has not made any payments toward the former Charter One and PNC loans, which were to begin in December 2006 and December 2007, respectively. Am. Compl. ¶¶ 80-81; Ex. C to Am. Compl. (Doc. 3-3); Ex. D to Am. Compl. (Doc. 3-4). Nevertheless, Plaintiff does not challenge the authenticity of the former Charter One and PNC loan documents, copies of which she attached to her Amended Complaint. *See* Am. Compl. Nor does Plaintiff dispute the validity of her signature on those loan documents. *See* Am. Compl.

Plaintiff claims that Abrahamsen Ratchford, on behalf of NCSLT 2005-1 and NCSLT 2005-3, filed lawsuits against Plaintiff to collect the outstanding amounts owed on the former Charter One and PNC student loans, and that Plaintiff prevailed in those cases. Am. Compl. ¶¶ 51-60, 83. Plaintiff further alleges that although she prevailed in those actions, debt collectors acting on behalf of NCSLT 2005-1 and NCSLT 2005-3, including debt collector Transworld Systems, Inc. ("TWS"), continue to call her with respect to the loans. Am. Compl. ¶ 84.

Plaintiff alleges that she paid money to block several phone numbers belonging to TWS. Am. Compl. ¶ 87.

Plaintiff does not allege that Charter One is a debt collector or that Charter One has ever attempted to collect the proceeds of the former Charter One loan from Plaintiff. *See* Am. Compl. Further, Plaintiff does not allege that Charter One owned the former Charter One loan at any time since Plaintiff began receiving calls from debt collectors in 2014. *See* Am. Compl. On the contrary, Plaintiff alleges that NCSLT 2005-1 is the owner of the former Charter One loan. *See* Am. Compl. ¶¶ 1, 51, 69, 96, 119.

Nevertheless, Plaintiff, on behalf of herself and all persons similarly situated, filed suit against Charter One under the federal Truth in Lending Act, alleging on information and belief that Charter One failed to disclose consumer credit information to Plaintiff before she signed the former Charter One loan agreement. Am. Compl. ¶ 160. Plaintiff later amended her complaint to add a claim against Charter One for violation of the Maine Unfair Trade Practices Act, alleging that Charter One's actions constitute "unfair methods of competition and unfair or deceptive acts or practices." Am. Compl. ¶ 169. Citizens, successor to Charter One, now moves to dismiss.

## **ARGUMENT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Glob. Tower Assets, LLC v. Town of Mount Vernon, Me.*, 22 F. Supp. 3d 47, 49-50 (D. Me. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it is "more than merely possible,

4

and gauging a pleaded situation's plausibility is a 'context-specific' job that requires the reviewing court to 'draw on' our 'judicial experience and common sense.'" *Pan Am Sys., Inc. v. Hardenbergh*, 871 F. Supp. 2d 6, 11 (D. Me. 2012) (internal quotations omitted) (quoting *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)).

As will be discussed below, Plaintiff's claims against Citizens are implausible on their face and should be dismissed by this Court. Plaintiff's Truth in Lending Act claim (Count III) is unequivocally barred by the statute of limitations and is based on conjecture. Plaintiff's Maine Unfair Trade Practices Act claim (Count IV) fails to allege any misconduct by Citizens or that Citizens caused a loss of money or property, and is barred by the statute of limitations.

## I. PLAINTIFF FAILS TO STATE A TRUTH IN LENDING ACT CLAIM AGAINST CITIZENS.

This Court should dismiss Plaintiff's Truth in Lending Act ("TILA") count against Citizens because it is unequivocally barred by the statute of limitations. Moreover, even if Plaintiff's TILA claim were not barred by the statute of limitations, it still would be deficient because it is based on conjecture.

### A. Plaintiff's TILA Claim is Barred by the One-Year Statute of Limitations.

Plaintiff's TILA claim against Citizens is barred by the one-year statute of limitations applicable to actions involving private education loans. Time-barred claims are subject to dismissal under Rule 12(b)(6). *E.g.*, *Davimos v. Halle*, No. 1:13-CV-225-GZS, 2013 WL 5353005, at *4 (D. Me. Sept. 24, 2013) (holding that the Court will dismiss a complaint as time-barred under Rule 12(b)(6) if "the complaint 'contains within its four corners allegations of sufficient facts to show the existence and applicability of the defense.'" (quoting *Capozza Tile Co. v. Joy*, No. 01-108-P-C, 2001 WL 1057682, at *7 (D. Me. Sept. 13, 2001))); *McLaughlin v. Unum Life Ins. Co. of Am.*, 224 F. Supp. 2d 283, 286 (D. Me. 2002) ("[G]ranting a motion to

dismiss based on a limitations defense is appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred.").

Plaintiff appears to allege that Citizens violated TILA by failing to make the disclosures required under TILA. Am. Compl. ¶¶ 160-161. The TILA statute of limitations in effect at the time that Plaintiff signed the former Charter One loan provided that actions for violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (2004). A nondisclosure "violation 'occurs' when the transaction is consummated," such that "[n]ondisclosure is not a continuing violation for purposes of the [TILA] statute of limitations." *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984); *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 700 (S.D. Tex.), *aff'd*, 582 F. App'x 279 (5th Cir. 2014) (same); *Miller v. Countrywide Home Loans*, 747 F. Supp. 2d 947, 961 (S.D. Ohio 2010) (same). Plaintiff signed the former Charter One loan on October 8, 2004, and any alleged nondisclosure would have occurred on that date. Ex. A to Am. Compl. Thus, the statute of limitations on Plaintiff's nondisclosure claim ran one year later, on October 8, 2005. Her claims are therefore time-barred and must be dismissed.

In her Amended Complaint, Plaintiff erroneously invokes the statute of limitations set forth in the current version of TILA, which was not in effect at the time that Plaintiff signed the former Charter One loan documents.[1] *See* Am. Compl. ¶¶ 162-164. Under the current version of TILA, the statute of limitations with respect to a private education loan runs "1 year from the

---

[1] Congress amended TILA on August 14, 2008 to add, *inter alia*, a more specific statute of limitations for private education loans. *See Higher Education Opportunity Act*, PL 110–315, August 14, 2008, 122 Stat 3078. The amendments to TILA's statute of limitations provision did not take effect upon passage, but rather took effect on "the earlier of the date on which regulations issued [by the Board of Governors of the Federal Reserve System implementing certain amendments to TILA] become effective or 18 months after the date of enactment of this Act." *Id.*

6

date on which the first regular payment of principal is due under the loan." 15 U.S.C. § 1640(e). Plaintiff's first payment on the former Charter One loan was due on December 15, 2006. Am. Compl. ¶ 80; Ex. C to Am. Compl. Therefore, even if the current statute of limitations applied to Plaintiff's claim against Citizens, Plaintiff's TILA action still would be barred, because the statute of limitations would have run on December 15, 2007.

**B.     Plaintiff's Attempts to Circumvent TILA's One-Year Statute of Limitations Fail.**

Likely recognizing the futility of her TILA claim, Plaintiff makes three attempts to circumvent TILA's clear and unambiguous one-year statute of limitations. Specifically, Plaintiff claims that (1) the statute of limitations never ran because the first regular payment of principal never became due; (2) the statute of limitations has not run because the first regular payment of principal was not due until debt collectors began contacting Plaintiff; and (3) the statute of limitations has not run because the debt collectors' actions constitute an action to collect a debt. Am. Compl. ¶¶ 162-64. None of these attempts revive Plaintiff's time-barred TILA claim.

*1.     The "First Regular Payment of Principal" was Due in 2006.*

Under the current version of TILA, the statute of limitations on a private education loan runs one year after the first regular payment of principal is due. 15 U.S.C. § 1640(e). Plaintiff seeks to avoid the fact that her claim would have expired in 2007 if the current version of TILA applies by claiming that "[b]ecause no 'first regular payment of principal' was ever due on the alleged debts, the limitations period has not expired." Am. Compl. ¶ 162. This allegation, however, is expressly contradicted by Plaintiff's earlier allegation that the first payment was due on December 15, 2006. Am. Compl. ¶ 80. Moreover, the Charter One Note Disclosure Statement—the authenticity of which Plaintiff does not dispute—also states that the first

7

payment on the Charter One loan was due on December 15, 2006.[2]  Ex. C to Am. Compl.  The fact that Plaintiff failed to make the first payment on the former Charter One loan obviously does not negate the fact that such payment was due.  Plaintiff's attempt to rewrite the loan documents cannot save her TILA claim.

> 2.  *The "First Regular Payment of Principal" Did Not Occur when the Debt Collector Defendants Attempted to Collect the Former Charter One Loan.*

Plaintiff also claims "in the alternative" that the statute of limitations has not run because "the 'first regular payment of principal' became due when the Debt Collector Defendants began their unlawful attempts to collect debts they knew or should have known were time barred."  Am. Compl. ¶ 163.  This allegation does not appear to be directed at Citizens, as Plaintiff defined Charter One (Citizens) as a creditor and did not include Charter One in her definition of "Debt Collector Defendants."  *See* Am. Compl. ¶ 136.  Rather, this allegation appears to be directed solely at the alleged TILA violations made by the Debt Collector Defendants in the course of attempting to collect their debts from Plaintiff.  *See* Am. Compl. ¶ 159.  Even if this allegation were directed at Citizens, however, Plaintiff's claim still would be barred by the statute of limitations, as it is contrary to the plain language of the Charter One Note Disclosure Statement, which defines the repayment date as beginning on December 15, 2006 rather than on the date that debt collection activities begin.

In addition, this Court must interpret TILA's language in accordance with its plain and ordinary meaning.  *See Wade v. Life Ins. Co. N. Am.*, 245 F. Supp. 2d 182, 190 (D. Me. 2003) ("The plain meaning of a statute's text must be given effect 'unless it would produce an absurd

---

[2] "'Exhibits attached to the complaint are properly considered part of the pleading for all purposes, including Rule 12(b)(6).'"  *McNulty v. McDonald*, 631 F. Supp. 2d 115, 118 (D. Me. 2009) (quoting *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008)).

result or one manifestly at odds with the statute's intended effect.'" (quoting *Parisi v. Chater*, 69 F.3d 614, 617 (1st Cir. 1995)). Plaintiff's attempt to redefine the meaning of the "first regular payment of principal" as the date on which a debt collector first attempts to collect a debt is absurd. Common sense dictates that by the time a debt collector attempts to collect an unpaid student loan, the borrower already has missed the first payment and/or subsequent payments. It defies logic for a lender to initiate debt collection efforts against a borrower who either is current in her loan payments or is not required to begin payment until a date in the future. Plaintiff's attempt to define the "first regular payment of principal" as the date on which debt collection efforts commence—a date which nearly always will occur after the first regular payment of principal is due—simply makes no sense.[3]

In any event, even if this Court were to credit Plaintiff's definition of the "first regular payment of principal" to mean the date on which a debt collector attempted to collect debts they knew or should have known were time barred, Plaintiff's TILA claim against Citizens still would fail. Plaintiff alleges that in 2014, the Debt Collector Defendants first began contacting her in an attempt to collect the private loan debts. Am. Compl. ¶ 42. Plaintiff filed this case in 2016, over one year after the Debt Collector Defendants initiated their debt collection efforts. *See* Compl. (Doc. 1). Accordingly, under Plaintiff's own illogical definition, her claim would be barred by the statute of limitations.

---

[3] Plaintiff's attempt to tie the statute of limitations to the actions of entities that are neither related to Citizens nor acting at Citizens' behest also is unreasonable. A borrower should not be able to revive the lender's alleged TILA violation one decade after it occurred based on the conduct of unrelated entities in seeking to collect a loan that the lender no longer owns. To the extent that the unrelated debt collectors engaged in misconduct, Plaintiff must seek redress against them, not against Citizens.

### 3. The Exception to TILA's One-Year Statute of Limitations Does Not Apply.

Plaintiff also attempts to avoid TILA's one-year statute of limitations by alleging that the statute of limitations has not run because "the unlawful collection practices of the Debt Collector Defendants constitute 'an action to collect a debt.'" Am. Compl. ¶ 164. This allegation does not appear to be directed at Citizens, as Charter One is not a "Debt Collector Defendant." *See* Am. Compl. ¶ 136. To the extent that Plaintiff intended this allegation to apply to Citizens, however, Plaintiff still fails to avoid TILA's statute of limitations.

TILA's one-year statute of limitations "does not bar a person from asserting a violation of [TILA] in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation *as a matter of defense by recoupment or set-off in such action*." 15 U.S.C. § 1640(e) (emphasis added). This exception to TILA's statute of limitation does not permit a plaintiff to affirmatively bring a time-barred TILA claim; it may only be asserted as a defense. *E.g.*, *Rosenfield v. HSBC Bank, USA*, No. 10-CV-00058-MSK-MEH, 2010 WL 3489926, at *3 (D. Colo. Aug. 31, 2010), *aff'd*, 681 F.3d 1172 (10th Cir. 2012) (holding that the recoupment or setoff exception to TILA's one-year statute of limitations "clearly does not apply" because "the Plaintiff is asserting her damages claims directly in her own Complaint, not raising them as defenses of recoupment or setoff in an action by HSBC to collect the debt."); *Miller*, 747 F. Supp. 2d at 961 (holding that "'a recoupment or set-off claim will be exempt from the one-year statute of limitations *only when the debtor's claim is raised as a defense*.'" (emphasis added) (quoting *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986))).

Plaintiff is not asserting her TILA claim as an affirmative defense in an action to collect the former Charter One loan. Rather, Plaintiff asserts her TILA claim in litigation brought by

Plaintiff against Citizens, which has not attempted to collect the former Charter One loan. Thus, TILA's recoupment/setoff exception to the one-year statute of limitations does not apply.

### C. Plaintiff's TILA Claim Fails to Allege Any Wrongdoing by Citizens.

Plaintiff's TILA claim also fails because she fails to allege that Citizens engaged in any misconduct. This Court will dismiss a complaint for failure to state a claim upon which relief can be granted when the allegations set forth in the complaint are based on only speculation or conjecture. *Glob. Tower Assets*, 22 F. Supp. 3d at 50 (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). Thus, a plaintiff cannot base a claim on her inability to recollect whether she signed an agreement or received a document. *E.g.*, *Carroll v. OneMain Fin., Inc.*, No. 14-cv-14514, 2015 WL 7717132, at *4 (E.D. Mich. Nov. 30, 2015) ("Even at the motion to dismiss stage, '[f]actual allegations must be enough to raise a right to relief above a speculative level.' . . . In the absence of any other facts casting doubt on whether Plaintiff signed the agreement, his lack of recollection of signing the agreement is insufficient to render the agreement unenforceable." (quoting *Twombly*, 550 U.S. at 556)); *Stern v. eSpeed, Inc.*, No. 06 Civ. 958(PKC), 2006 WL 2741635, at *2 (S.D.N.Y. Sept. 22, 2006) (granting a motion to dismiss even though the plaintiff did not recall signing an arbitration agreement, when the plaintiff did not claim that she never signed the document).

Under TILA, a bank that issues a private student loan must make certain disclosures to the borrower in connection with the issuance of the loan. *See* 15 U.S.C. § 1638 (2004).[4] Plaintiff's TILA claim is predicated solely on the fact that she cannot recall whether she applied for a student loan or received a disclosure statement from Charter One. *See* Am. Compl. ¶¶ 160-

---

[4] Citizens cites to the version of TILA that was in effect in 2004, at the time that Charter One issued the student loan to Plaintiff. *See* Ex. A to Am. Compl. The current version of 15 U.S.C. § 1638 includes subsection (e) on disclosures for private education loans, which was not in effect in 2004.

61. Plaintiff's mere speculation and conjecture cannot support a TILA claim, and it should be dismissed. Stated otherwise, Plaintiff is unwilling or unable to affirmatively allege that she was not provided with a disclosure; she is only able to state that she cannot remember if she ever received a disclosure. She is speculating that Charter One may not have made the required disclosure.

## II. PLAINTIFF'S MAINE UNFAIR TRADE PRACTICES ACT CLAIM FAILS AS A MATTER OF LAW.

Plaintiff's Maine Unfair Trade Practices Act ("UTPA") count fails to state a claim against Citizens and is barred by the statute of limitations. The UTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 5 M.R.S.A. § 207. Under the UTPA, "any person who purchases . . . services . . . primarily for personal . . . purposes and thereby suffers any loss of money or property . . . as a result of the use or employment by another person of a method, act or practice declared unlawful" may file suit for actual damages, restitution, and equitable relief. *Id.* § 213(1).

As an initial matter, Plaintiff's UPTA claim fails to include any allegations that Citizens committed an unfair trade practice. Rather, Plaintiff's UPTA claim broadly alleges that "[t]he acts of Defendants described herein constitute unfair methods of competition and unfair or deceptive acts or practices." Am. Compl. ¶ 169. This sentence fails to provide Citizens with notice of the nature of the UTPA claim being asserted against it in violation of Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2) (requiring the complaint to state "a short and plain statement of the claim showing that the pleader is entitled to relief").

Furthermore, the only allegations directed at Citizens in the Amended Complaint relate to Charter One's alleged failure to provide Plaintiff with a disclosure statement at the time that she signed the former Charter One loan in 2004. *See* Am. Compl. UTPA claims, however, must "be

commenced within 6 years after the cause of action accrues." 14 M.R.S.A. § 752; *McKinnon v. Honeywell Int'l, Inc.*, 977 A.2d 420, 424 (Me. 2009) ("The limitations period in Maine for . . . the UTPA claim—is six years."). Thus, even if Plaintiff had alleged that Charter One's failure to provide her with a disclosure statement constituted an unfair or deceptive trade practice, Plaintiff's UTPA claim still would fail as a matter of law, because the statute of limitations on such claim ran in 2010. Accordingly, this Court must dismiss Plaintiff's UTPA claim.

Finally, to state a claim under the UPTA, a plaintiff must allege that she lost money or property as a result of the defendant's alleged misconduct. 5 M.R.S.A. § 213(1); case. Plaintiff alleges that she has lost money and property as a result of Defendants' allegedly unfair and deceptive conduct because she incurred attorneys' fees and paid to have certain TWS phone numbers blocked. Am. Compl. ¶¶ 87, 170. The payment of attorneys' fees, however, does not constitute a "loss of money or property" under the UTPA. *E.g.*, *Fogg v. Ocwen Loan Servicing, LLC*, No. 2:14-CV-454-GZS, 2015 WL 1565229, at *4 (D. Me. Apr. 8, 2015) ("[T]his court has previously rejected an argument that the expense of retaining a lawyer to prevent or dispute allegedly unfair trade practices constitutes a loss of money or property for purposes of the UTPA."); *Poulin v. Thomas Agency*, 746 F. Supp. 2d 200, 206 (D. Me. 2010) ("Money spent 'retaining a lawyer, both to prevent collection efforts by Mr. Hills and to defend against his third party claims' and for 'filing the lawsuit and in service' . . . are expenses that may be recoverable as attorneys fees—not actual damages.").

Further, Plaintiff's voluntary decision to block TWS phone numbers obviously could not have been caused by anyone other than Plaintiff herself. In any event, Plaintiff does not allege that her decision to block TWS's phone numbers was caused by Citizens or that she paid to block Citizens' phone numbers. *See* Am. Compl. Indeed, Plaintiff does not allege that Citizens

(or anyone acting on Citizens' behalf) made any of the calls at issue in this case. *See* Am. Compl. Even if Plaintiff's decision to block her calls constituted a "loss of money" under the UTPA, that allegation is not directed at Citizens, such that her UTPA claim against Citizens fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Citizens respectfully requests that this Court grant its motion to dismiss.

Dated: July 29, 2016

                                        Defendant,
                                        CITIZENS BANK, N.A.,
                                        By its attorney,

                                        /s/ James R. Oswald
                                        James R. Oswald (#9106)
                                        ADLER POLLOCK & SHEEHAN P.C.
                                        1 Citizens Plaza, 8th Floor
                                        Providence, RI 02903
                                        Tel: (401) 274-7200
                                        Fax: (401) 351-4607
                                        joswald@apslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document through the ECF system on the 29th day of July, 2016, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 1:16-cv-00229-JDL.

                                        /s/ James R. Oswald