## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

JANE C. FORRESTER WINNE, on behalf
of herself and all others similarly situated,

        Plaintiff

    v.

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2005-1; NATIONAL
COLLEGIATE STUDENT LOAN TRUST
2005-3; U.S. BANK NATIONAL
ASSOCIATION; TRANSWORLD
SYSTEMS, INC.; ABRAHAMSEN
RATCHFORD, P.C.; VCG SECURITIES,
LLC; PNC BANK, N.A.; CHARTER ONE
BANK, N.A.; and TURNSTILE CAPITAL
MANAGEMENT,

        Defendants

Case No.:  1:16-cv-00229-JDL

## PLAINTIFF'S OBJECTION TO
## DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S
## MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff Jane C. Forrester Winne objects to Defendant U.S. Bank National Association's

Motion to Dismiss, and in support thereof submits this Memorandum of Law.  The facts alleged

in paragraphs 26 through 111 of Plaintiff's First Amended Class and Collective Action

Complaint ("Complaint") are hereby incorporated by reference.

**I.**     **This Court has Personal Jurisdiction over U.S. Bank.**

    **a.**   <u>**General Jurisdiction**</u>

Assuming the Court will apply the "prima facie" test, it is readily apparent personal

jurisdiction over U.S. Bank is constitutionally permissible.  The prima facie test "permits the

district court to consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction."[1]

Plaintiff has alleged that she and the putative class have been sued and otherwise pursued for debts by a dizzying array of voracious entities – all of which can't simultaneously be the owner of the alleged debt.  A lawsuit that began in Minnesota filed by U.S. Bank that's been transferred to Delaware supports this conclusion.

In that case, U.S. Bank states that it is the appropriate Special Servicer responsible for debt collection of all delinquent NCSLT loans, and challenges the validity of the self-appointment by VCG Securities, LLC ("VGC") to also be the Special Servicer.  The dispute between U.S. Bank and VCG over which entity is the Special Servicer and therefore in charge of collecting delinquent NCSLT loans corroborates Plaintiff's claims and this evidence must be credited.

In the present case it is alleged that U.S. Bank and its agents are employing duplicitous methods to collect alleged NCSLT debts at the same time VCG and its agents are employing duplicitous attempts to collect them – and that's bad enough – but when added to the mix is the fact that the so-called "loans" to Maine students were never funded, are otherwise time-barred and/or were fraudulent to begin with, it is highly appropriate and lawful for this Court to exercise personal jurisdiction.

U.S. Bank as the Special Servicer of Plaintiff's alleged loans hired Transworld Systems, Inc. ("TWS") and Turnstile Capital Management, LLC ("Turnstile') to pursue collection efforts in Maine that went far afoul of state and federal Fair Debt Collection Practices Acts and Maine's Unfair Trade Practices Act and must be held accountable here.  **See attached hereto as <u>Exhibit</u>**

---

[1] *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 51, 2002 U.S. App. LEXIS 9039, *22 (1st Cir. Mass. 2002)

**A**, Petition of U.S. Bank National Association, as Indenture Trustee, for Instructions in the Administration of Trusts (hereinafter "US Bank Petition or "Petition") ¶ 16; and Complaint ¶ 99, *et seq*.,

In her Complaint, Plaintiff alleges unlawful actions by TWS and Turnstile, among others, including suing on loans Defendants knew or should have known are time-barred, harassing Plaintiff by phone, threatening legal action not permitted by law, misrepresenting the legal status of the alleged loans, sending deceptive notices, reporting to credit rating agencies false and damaging information, and relentlessly and aggressively pursuing money Plaintiff never borrowed and does not owe.

For purposes of personal jurisdiction, an agent's actions are attributable to its principal. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 57 2002 U.S. App. LEXIS 9039 (1st Cir. Mass. 2002). U.S. Bank's position that it alone has legal authority to orchestrate the NCSLT debt-collection scheme in this state utilizing our over-burdened state courts to carry it out, and that it should be excused from having to show up and account here must be rejected and U.S. Bank's Motion denied.

According to U.S. Bank, the Servicer of **all** non-delinquent loans contained in the National Collegiate Student Loan Trusts is the Pennsylvania Higher Education Assistance Agency ("PHEAA"), which collects principal and interest payments from borrowers and remits them for eventual distribution to investors. **See Petition at ¶ 15.**

For **all** NCSLT loans that are more than 30 days delinquent, the Special Servicer, *i.e.*, U.S. Bank, provides "special services" including collection and enforcement. **See Petition at**

¶¶ 16, 20.  The duties of U.S. Bank as Special Servicer are spelled out in the Special Servicing Agreement that was filed with its Petition[2] and is attached hereto as **Exhibit B**.

U.S. Bank contracted with TWS to act as its Sub-Servicer and contracted with Turnstile to act as its Special Sub-Servicer.  **See Petition at ¶ 16 and Complaint at ¶ 99.**

Since according to U.S. Bank **all delinquent loans** in the NCSLT 2005-1 and NCSLT 2005-3 are being serviced by it as Special Servicer, it must be that U.S. Bank is the Special Servicer for all allegedly delinquent NCSLT loans in Maine, including the Plaintiff's and those of the putative class.  There's no other conclusion to reach given the admissions of U.S. Bank in its Petition.

The Complaint alleges that 686 of the so-called loans in NCSLT 2005-1 and 2005-3 originated in Maine, including the alleged loans made to Plaintiff that are the subject of this case.[3]  Over $4 billion of loans held by NCSLT are in default and no payments whatsoever have been made on approximately three quarters of these loans.  **See Complaint at ¶ 104.**  According to the Special Servicing Agreement, U.S. Bank is contractually obligated to collect all delinquent loans in Maine.

U.S. Bank has appointed TWS to be its agent and authorized it to file proofs of claim, in addition to being the "dedicated record custodian with respect to all student loan accounts owned by the (NCSLT) trust(s) and is fully authorized to execute affidavits regarding account documents, verify responses to discovery and provide testimony on behalf of the Trust(s)."  **See attached hereto as** <u>**Exhibit C**</u>**, "National Collegiate Trust, Date 11/3/14."**

The affiliation U.S. Bank has with the State of Maine as Special Servicer of all delinquent NCSLT loans is continuous and systematic as to render it essentially at home here.  It

---

[2]  See footnote 4 of the Petition.
[3]  See ¶¶ 114 and 115 of Complaint.

is contractually obligated to provide special services to all 686 NCSLT 2005-1 and 2005-3 loans that originated in Maine, and its agents regularly use the court system here to file lawsuits on time-barred debt with the hope of getting a default judgment, make harassing calls to elderly, disabled Maine residents, send deceptive notices and otherwise create anxiety and confusion. The notion that U.S. Bank can avoid answering Plaintiff's complaint because it "does not have bank branches or other locations" in Maine, as declared by David Duclos, is a quaint but wholly unpersuasive irrelevant fact in the electronic age of shadow banking and zombie debt.

If U.S. Bank, through its agents, TWS and Turnstile, can call, harangue, send notices to and sue Plaintiff in Maine repeatedly to collect on fraudulent loans that were not disbursed as the Complaint alleges, and otherwise engage in debt collection activities in the State of Maine, where else should Fair Debt Collection Practices Act claims be filed by Maine residents?

Finally, in addition to this Court having general personal jurisdiction over U.S. Bank because of its actual and apparent agency relationship with TWS and Turnstile, the jurisdiction over which is not in dispute, there also is the issue of its federal charter.  U.S. Bank National Association is a federally chartered bank and as such it is presumed to have a "sued or be sued" clause that bestows personal jurisdiction in any federal court of law; therefore, its Motion should be denied. *Fed. Home Loan Bank of Boston v. Moody's Corp.*, 821 F.3d 102, 2016 U.S. App. LEXIS 7954 (1st Cir. Mass. 2016).

**b.  Specific Jurisdiction**

Clearly Plaintiff passes the three-part test cited by U.S. Bank in its Motion regarding specific personal jurisdiction.  The claim underlying the litigation directly arises out of, and relates to, the Defendant's forum-state activities.  Second, U.S. Bank's in-state contacts represent a purposeful availment of the privilege of conducting activities in Maine, thereby invoking the

benefits and protections of this state's laws and making U.S. Bank's involuntary presence before Maine's courts foreseeable. Third, the exercise of jurisdiction is entirely reasonable. *Old United Cas. Co. v. Flowers Boatworks*, 2016 U.S. Dist. LEXIS 58430, *9 (D. Me. May 3, 2016).

### 1. Relatedness

Plaintiff's claims and the claims alleged by the putative class of unfair debt collection activity and unfair trade practices directly relate to U.S. Bank's debt collection activity by and through its agents in Maine against Maine students over loans allegedly made in Maine and the subject of litigation in Maine courts. By its own admission, U.S. Bank is both the Indenture Trustee as well as the "Special Servicer" of all 686 Maine loans contained in the NCSLTs at issue. It has contracted with TWS and Turnstile to collect debts in Maine so it can pay itself and pay the investors.

### 2. Purposeful Availment

In addition to sending its agents to carry out unlawful debt collection actions against unsuspecting Maine students in this state, U.S. Bank National Association spends a lot of time in Maine foreclosing on Maine homes. In fact, U.S. Bank pursued a futile foreclosure action against the Plaintiff in this case, Jane Winne. **See Complaint ¶¶ 36 – 41; and attached hereto as Exhibit D "Motion to Substitute" and Exhibit E "Memorandum of Decision", U.S. Bank, National Association v. J. Christopher Winne, et al., Maine Supreme Judicial Court Decision No. Mem 14-121.**

A cursory review of the State of Maine Judicial Branch website shows numerous other cases brought by U.S. Bank against Maine residents, too, in courts across the state.[4]

---

[4] *U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates, Series 2005-4 v. Christopher J. Curit, et al.*, Maine Supreme Judicial Court Decision: 2016 ME 17; *U.S. Bank National Association as Trustee for Bear Stearns Asset Backed Securities 2006-AC2 v. Charles Adams, et al.*, Maine Supreme Judicial Court Decision: 2014 ME 113; *U.S. Bank National*

Clearly U.S. Bank has availed itself of the Maine forum – it has been steamrolling over Mainers trying to wring every last penny out of dubious mortgages and questionable loans for years.  If only U.S. Bank had no contacts with Maine, then more people would be living in their homes free from persistent and cruel debt collection activities.

### 3.  <u>Reasonableness</u>

U.S. Bank employs an army of lawyers in Maine to sue Maine residents, including the Plaintiff, on loans allegedly made in Maine.  It is perfectly reasonable claims alleging their collection methods are unlawful are adjudicated here, too.  U.S. Bank does not argue to the contrary in its Motion.

U.S. Bank's argument that this Court lacks personal jurisdiction is not persuasive, not grounded in law or facts, and empty on its face.  Therefore, the Motion to Dismiss pursuant to Rule 12(b)(2) must be denied.

## II.    **U.S. Bank is a "Debt Collector" under the FDPCA and MFDCPA.**

As stated in her Complaint at ¶¶ 15 and 99, U.S. Bank is a "debt collector" as defined in 15 U.S.C. § 1692a(6) and 32 M.R.S.A. § 11002(6) by virtue of its being the Special Servicer to the NCSLTs.

The Special Servicing Agreement makes it abundantly clear that among the duties of U.S. Bank as Special Servicer, the foremost is to "take such actions as it shall deem reasonably necessary or appropriate to administer and oversee Early Awareness Services … <u>and the enforcement and collection of Delinquent Loans and Defaulted Loans to maximize the collection of amounts payable on the Student Loans</u>".  See **Exhibit B,** Section 2 (emphasis added).

---

*Association as Trustee for RASC 2005KS9 v. Thomas Manning, et al.,* Maine Supreme Judicial Court Decision: 2014 ME 96, for example.

Plaintiff in this case has alleged that multiple parties are unlawfully and unfairly chasing her for two loans allegedly held by the National Collegiate Student Loan Trusts 2005-1 and 2005-3.  U.S. Bank claims in its Petition it is the Special Servicer for all NCSLT loans, and the Special Servicer's contractual obligation is to oversee the collection of debts.  The argument by U.S. Bank that it isn't a "debt collector" is specious and must be rejected, and the Motion by U.S. Bank denied.

### III.   Plaintiff's TILA Claim Is Not Asserted Against U.S. Bank and Can Therefore Be Denied.

Plaintiff's Truth in Lending Act claims are not alleged against U.S. Bank and can therefore be dismissed without prejudice.

### IV.   Plaintiff's MUTPA Claim.

By its own account, U.S. Bank is the Special Servicer and as such the entity contractually responsible for overseeing the enforcement and collection of all delinquent and defaulted NCSLT loans,[5] including the Plaintiff's.  A reasonable jury could find it liable pursuant to 5 M.R.S.A. § 206, *et seq*., for actions described in Plaintiff's Complaint that can only be considered unfair and deceptive.  Plaintiff never got proceeds from the alleged loans, was not properly given notice of her rights, obtained a judgment in her favor and is nevertheless relentlessly hounded still by debt collectors working apparently for U.S. Bank.

To "justify a finding of unfairness, the act or practice:  (1) must cause, or be likely to cause, substantial injury to consumers; (2) that is not reasonably avoidable by consumers; and (3) that is not outweighed by any countervailing benefits to consumers or competition."  *James v. GMAC Mortg. LLC*, 772 F. Supp. 3d 307, 322, 2011 U.S. Dist. LEXIS 2912, *35 (D. Me. 2011).

---

[5]  See Exhibit A ¶¶ 16, 25 and Exhibit B §2.

It is alleged that the acts and practices of U.S. Bank as Special Servicer, among others, to knowingly and aggressively pursue time-barred debt in lawsuits intended to result in default judgments, report false facts to credit agencies, harass by telephone, deliver misleading notices to entrap unsuspecting Maine students, among other acts described in the Complaint have caused substantial injury to Plaintiff and the class of consumers that was not reasonably avoidable by them and not outweighed by any countervailing benefits; therefore, U.S. Bank's Motion to Dismiss Plaintiff's MUTPA claims should be denied.

**V.      At Minimum Limited Jurisdictional Discovery Appropriate.**

At a minimum, Plaintiff respectfully requests the opportunity to conduct minimal discovery to establish the propriety of this Court exercising personal jurisdiction over U.S. Bank.

WHEREFORE, for the foregoing reasons Plaintiff respectfully requests that the Defendant U.S. Bank National Association's Motion to Dismiss be denied, and for such other and further relief as the Court deems just and appropriate.

DATED at Portland, Maine this 18th day of August, 2016.


 /s/ Cynthia A. Dill
Cynthia A. Dill


 /s/ William K. McKinley
William K. McKinley

Attorneys for Plaintiff
Jane C. Forrester Winne


Troubh Heisler, PA
511 Congress Street, 7th Floor
PO Box 9711
Portland, Maine 04104-5011
207-780-6789
cdill@troubhheisler.com
wmckinley@troubhheisler.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

_____/s/ Cynthia A. Dill_____
Cynthia A. Dill

_____/s/ William K. McKinley_____
William K. McKinley

Attorneys for Plaintiff
Jane C. Forrester Winne
