# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE C. FORRESTER WINNE, on behalf of herself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3; U.S. BANK NATIONAL ASSOCIATION; TRANSWORLD SYSTEMS, INC.; ABRAHAMSEN RATCHFORD, P.C.; VCG SECURITIES, LLC; PNC BANK, N.A.; CHARTER ONE BANK, N.A.; and TURNSTILE CAPITAL MANAGEMENT,<br><br>Defendants | Case No.: 1:16-cv-00229-JDL |

## PLAINTIFF'S FIRST MOTION FOR ATTACHMENT ON TRUSTEE PROCESS WITH INCOPORATED MEMORANDUM OF LAW

Plaintiff Jane C. Forrester Winne pursuant to Fed. R. Civ. P. 64 and Local Rule 64 moves for attachment on trustee process in the amount of $100,000. The factual allegations set forth in Winne's complaint as amended are hereby incorporated by reference.

In accordance with the aforementioned federal rules and the state rules they incorporate, this Court must look to Maine law and procedure in adjudicating a motion for attachment on trustee process. Plaintiff's burden is to show that it is more likely than not that she will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment on trustee process plus any insurance, bond or other security, and any property

or credits attached by other writ of attachment or by trustee process shown by the Defendants to be available to satisfy the judgment.  Me. R. Civ. P. 4A(c)(g), 4B(c)(i).

This motion for attachment on trustee process is accompanied by an affidavit setting forth specific facts sufficient to warrant the required findings and is upon the affiant's own knowledge, information or belief; and so far as upon information and belief, the affiant believes this information to be true in accordance with Me. R. Civ. P. 4A(i), 4B(c).  See attached hereto as **Exhibit A** the Affidavit of Cynthia A. Dill, Esquire.

Whether Defendants can show insurance, bond or other security, or any property or credits attached by other writ of attachment or by trustee process available to satisfy Winne's presumptive judgment remains to be seen.

The arguments supporting this motion are simple and the amount requested proportional to the evidence, claims and parties.  Winne has strong evidence of being the target of relentless actors who lack legal standing and are using false and misleading representations to collect debts (1) she does not owe, (2) are otherwise time barred and (3) have been dismissed with prejudice.

It is apparent that more than one entity is acting as National Collegiate Student Loan Trust ("NCSLT") and more likely than not Winne will prevail on state and federal Fair Debt Collection Practices Acts claims in an amount equal to or greater than $100,000 in actual damages.  Given the evidence that NCSLTs have been paid over $40 million by The Education Resources Institute, Inc. ("TERI") Bankruptcy Plan as of November of 2015 in unsecured claims alone, an attachment in the amount of $100,000 is a drop in the bucket.  NCSLT investors and owners – whoever they might be – will not be unfairly prejudiced.  See attached hereto as **Exhibit B** Document 1294-5, page 3 of 4, filed in the TERI Bankruptcy case.

Winne is not alone in her battle with the NCSLT nor is she tilting at windmills. On May 11, 2016 First Marblehead received a letter from the Consumer Finance Protection Bureau ("CFPB") notifying it that in accordance with the CFPB's discretionary Notice and Opportunity to Respond and Advise ("NORA") process, the CFPB's Office of Enforcement is considering recommending that the CFPB take legal action against First Marblehead. The NORA letter allegedly relates to past practices employed by First Marblehead and its affiliates in connection with the collection and litigation of delinquent and defaulted private student loans held by NCSLT. Attached hereto as **Exhibit C** is The First Marblehead Form 8-K dated May 11, 2016. Whether First Marblehead is added as a Defendant or not, its alleged culpability in connection with the NCSLT supports Winne's contention that multiple entities are acting in the name of NCSLT.

In making the determination of whether Plaintiff is more likely than not to recover judgment in an amount equal to or greater than the amount of the attachment sought, the Court should assess the merits of the complaint and the weight and credibility of the supporting affidavits. Plourde v. Plourde, 678 A.2d 1032, 1035 (Me. 1996).

The issue before the Court is not whether Winne will be successful in certifying the Class because even if that effort fails her individual claims will proceed – claims that are timely, supported by strong evidence and resulted in real damage. Moreover, for a NCSLT trustee to attach $100,000 will have virtually no impact on the value or liquidity of the NCSLT accounts, affecting less than .003% of the stated amount paid to date to the NCSLT on its unsecured claims in the TERI bankruptcy.

WHEREFORE, pursuant to Fed. R. Civ. P. 64 and Local Rule 64 Jane C. Forrester Winne requests approval of attachment on trustee process in the amount of $100,000, and for such other relief the Court deems just and appropriate.

DATED at Portland, Maine this 1st day of November, 2016.

      /s/ Cynthia A. Dill
Cynthia A. Dill, Esq.
Attorney for Plaintiff
Jane C. Forrester Winne

Troubh Heisler, PA
511 Congress Street, 7th Floor
P.O. Box 9711
Portland, ME 04104-5011
207-780-6789
cdill@troubhheisler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

                                                  /s/ Cynthia A. Dill
                                             Cynthia A. Dill, Esq.
                                             Attorney for Plaintiff
                                             Jane C. Forrester Winne