UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANE C. FORRESTER WINNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:16-cv-00229-JDL |
| | ) |
| NATIONAL COLLEGIATE | ) |
| STUDENT LOAN TRUST 2005-1, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT FOR THE SECOND TIME**

The Plaintiff, Jane C. Forrester Winne, moves pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend her complaint for a second time. ECF No. 64. The Proposed Second Amended Complaint adds three plaintiffs, seventeen defendants, and three causes of action, in addition to providing additional information in support of class certification. *Id.* at 1. Defendants Citizens Bank, N.A.[1] ("Citizens"), U.S. Bank National Association ("US Bank"), PNC Bank, N.A. ("PNC"), National Collegiate Student Loan Trust 2005-1 ("NCSLT 2005-1"), National Collegiate Student Loan Trust 2005-3 ("NCSLT 2005-3"), Transworld Systems, Inc. ("Transworld"), and Turnstile Capital Management, LLC ("Turnstile") oppose the motion. ECF No. 71;

---

[1] Citizens Bank, N.A. was erroneously named as "Charter One Bank, N.A." in the First Amended Complaint; Charter One was acquired by Citizens at some point after the loan at issue in this case was first applied for. The proposed Second Amended Complaint substitutes Citizens for Charter One as a defendant.

ECF No. 72, ECF No. 73; ECF No. 74.  Oral argument on the motion was held before me on November 17, 2016.

## I.  BACKGROUND

Winne's First Amended Complaint centered on debt collection activities related to two private student loans that Winne allegedly took out in 2004 and 2005. She contends that NCSLT 2005-1 and NCSLT 2005-3 are attempting to collect on these loans, having purportedly acquired them from Citizens and PNC, respectively. Winne denies receiving the proceeds from the loans and claims she has never made a payment toward either loan.  She seeks to certify the suit as a class action on behalf of "vulnerable Maine students who are being unlawfully pursued on alleged private student loan debts they do not owe, were fraudulently procured, or both."  ECF No. 3 at 2.

The proposed Second Amended Complaint would join three additional plaintiffs who also claim to have been the subjects of debt collection efforts related to private student loans allegedly owned by various National Collegiate Student Loan Trusts ("NCSLTs").  It would add fifteen NCSLTs as defendants, as well as Wilmington Trust Company, a statutory trust that is allegedly an owner trustee of the NCSLTs, and The First Marblehead Corporation, a company that is alleged to have served as Administrator to the NCSLTs.  The Proposed Second Amended Complaint also includes new causes of action for fraud, fraudulent concealment, and breach of contract.

Three of the defendants named in the First Amended Complaint—Citizens, PNC, and US Bank—moved to dismiss the claims against them.  I have addressed

those motions in a separate order, dated January 11, 2017, that grants dismissal as to Citizens and PNC, and denies dismissal as to US Bank. *See* ECF No. 109.

## II. DISCUSSION

### A. Legal Standard

After the time for amendments as a matter of course has passed, a party may amend its pleading with leave of the court, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, leave to amend should be granted where there is no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility . . . ." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Chiang v. Skeirik,* 582 F.3d 238, 244 (1st Cir. 2009). If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, a proposed amendment will be denied if the amendment fails to state a claim and is, therefore, futile. *See Hatch v. Dept. for Children, Youth and Their Families,* 274 F.3d 12, 19 (1st Cir. 2001). "Futility" is gauged by the criteria of Federal Rule of Civil Procedure 12(b)(6) governing motions to dismiss for failure to state a claim. *Id.*

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In considering the merits of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gargano v.*

*Liberty Intern. Underwriters, Inc.,* 572 F.3d 45, 48 (1st Cir. 2009). The complaint must contain facts that support a reasonable inference "that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Haley v. City of Boston,* 657 F.3d 39, 46 (1st Cir. 2011) (quotation and internal citations omitted).

Allegations of fraud and fraudulent concealment are subject to the higher pleading standard of Federal Rule of Civil Procedure Rule 9(b). *See* Fed. R. Civ. P. 9(b). The complaint must "be specific about the 'time, place, and content of an alleged false representation[.]'" *Murtagh v. St. Mary's Reg'l Health Ctr.*, 2013 WL 5348607, at *6 (D. Me. Sep. 23, 2013) (quoting *Hayduk v. Lanna,* 775 F.2d 441, 444 (1st Cir. 1985)). Mere conclusory allegations will not satisfy the particularity requirement. *See Hayduk*, 775 F.2d at 444. Rule 9(b) also requires that plaintiffs identify a basis for inferring scienter on the part of the defendant. *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009).

**B.    Citizens' Objection**

Citizens objects to Winne's motion to amend the complaint on the ground that the amendment would be futile. ECF No. 71 at 6. Citizens claims that none of the causes of action asserted against it in the Proposed Second Amended Complaint state a claim sufficient to survive a motion to dismiss under Rule 12(b)(6). *Id.* Winne and the additional plaintiffs propose claims against Citizens under the Truth in Lending Act, 15 U.S.C.A. § 1601, *et seq.*, and the Maine Unfair Trade Practices Act, 5 M.R.S.A.

4

§ 205-A, *et seq.* (2016), as well as common law claims alleging fraud, fraudulent concealment, and breach of contract. ECF No. 64-1 at 45-50.

### 1. Truth in Lending Act ("TILA") and Maine Unfair Trade Practices Act ("MUTPA")

I analyzed the claims against Citizens under TILA and the MUTPA in my separate order on Citizens' motion to dismiss, and found that the TILA claim is time-barred by the statute of limitations and the MUTPA claim may not be asserted against a bank such as Citizens. ECF No. 109 at 2-6. There is nothing contained in the proposed Second Amended Complaint that changes this analysis. Accordingly, with respect to the TILA and MUTPA claims asserted against Citizens, Winne's motion to amend the complaint is denied as futile.

### 2. Fraud

To state a claim for fraud under Rule 9(b), the Plaintiffs must plead facts which, if true, would demonstrate that Citizens made a false statement of material fact, with knowledge of its falsity or reckless disregard for its truth or falsity, with the purpose of inducing the Plaintiffs to rely on the statement, and the Plaintiffs must have in fact justifiably relied on it and suffered damages. *See Rutland v. Mullen*, 2002 ME 98, ¶ 14, 798 A.2d 1104.

The only statement alleged in the proposed Second Amended Complaint that can be attributed to Citizens is the disclaimer on the Loan Request/Credit Agreement, which states that the loan agreement is a consumer credit transaction. ECF No. 64-1 at 30, ¶ 203. Plaintiffs claim that this statement is false, because the loans were in fact "pipeline loans feeding a huge commercial beast," rather than consumer

5

transactions.  *Id.* at 48, ¶ 311.  This metaphor appears to refer to loans that the lender intended to assign to a National Collegiate Student Loan Trust, and that, once assigned, were then securitized.  *See id.*

The proposed Second Amended Complaint's fraud allegations against Citizens fall short of the pleading standard of Rule 9(b).  As an initial matter, the Complaint itself characterizes the loan as a consumer credit transaction in asserting the TILA claims.  *See id.* at 45, ¶ 292 ("the Loan Request/Credit Agreements that are the subject of this action are 'consumer credit transactions' pursuant to [TILA]").  This contradicts the Complaint's later allegation that the loans were not consumer transactions in asserting Plaintiffs' fraud claims.  More importantly, although the Complaint contends that the loan agreement characterized the transaction as a consumer loan, it does not allege that Citizens ever represented that the loan would not later be assigned or securitized.  Therefore, the Complaint fails to identify a false statement or representation by Citizens.  Accordingly, Plaintiffs have not pleaded a claim of fraud with the particularity required by Rule 9(b).

### 3. Fraudulent Concealment

Fraudulent concealment involves a failure to disclose a material fact where a duty to disclose exists, with the intention of inducing reliance, and which is in fact relied upon to the plaintiff's detriment.  *See Picher v. Roman Catholic Bishop of Portland*, 2009 ME 67, ¶ 30, 974 A.2d 286.  The allegations of fraudulent concealment against Citizens in the proposed Second Amended Complaint consist of its alleged failure to make the disclosures required under TILA at the time that the loans were

6

made, and its failure to disclose that "what were sold as 'consumer' credit transactions were really securities." ECF No. 64-1 at 49, ¶ 316.

Citizens' alleged failure to provide the disclosures required by TILA will not support a fraudulent concealment claim, either as a method of tolling TILA's statute of limitations or as an independent basis for relief. As discussed more fully in my order on Citizens' motion to dismiss, an alleged disclosure violation under TILA cannot be used to prove fraudulent concealment for purposes of tolling the statute of limitations: otherwise, the statute of limitations would be tolled in every case and become a nullity. *See* ECF No. 109 at 5-6. The Second Amended Complaint also does not plead facts that could establish that Citizens' alleged non-disclosure independently entitles Plaintiffs to relief under a common law fraudulent concealment theory, because it does not assert that Citizens was under a duty to disclose the information beyond TILA itself. *Cf. Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 189-90 (1st Cir. 2006) (holding that complaint fails to meet Rule 9(b) standard where it fails to explain how the complained-of actions constituted fraud); *see also Warren v. Hancock Mortg. Corp.*, 2016 WL 6689092, at \*6 (W.D. La. Oct. 6, 2016). To the extent that Winne seeks to assert a fraudulent concealment claim based on a violation of TILA simply to avoid the statute's limitations period, such a claim would be preempted. *See Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1007, n.3 (9th Cir. 2008) (noting that state cause of action is preempted where it represents an attempt to "go outside the congressionally enacted limitation period of TILA"). Similarly, the proposed Second Amended Complaint does not allege any duty on the part of Citizens to inform Plaintiffs that their loans may later be bundled with others and securitized.

The Second Amended Complaint therefore fails to adequately plead a claim for fraudulent concealment.

   4. **Breach of Contract**

The proposed Second Amended Complaint also asserts a breach of contract claim against Citizens, alleging that the Plaintiffs were charged interest rates in excess of the maximum provided for by the Loan Agreements. ECF No. 64-1 at 49-50. Citizens argues that because the breach of contract allegations are directed against "Defendants acting as NCSLT," the proposed Second Amended Complaint fails to "make any allegations that even pertain to Citizens, never mind put Citizens on notice as to when and how it breached its contracts with the plaintiffs." ECF No. 71 at 19.

Citizens' argument overlooks that the breach of contract count of the proposed Second Amended Complaint also asserts that Plaintiffs were charged interest rates that were not agreed to by the parties and that exceeded the maximum allowed by the contractual terms. ECF No. 64-1 at 49-50. The proposed Second Amended Complaint fails to identify which defendant or defendants these allegations apply to, but they can be reasonably construed as applying to defendants Citizens and PNC, the original lenders. This construction is borne out by Winne's reply memorandum which argues that the note disclosures—which would have been issued by the original lenders—contained an interest rate that exceeded the rate permitted by the loan agreements. ECF No. 81 at 5-6.

The loan agreement attached to the proposed Second Amended Complaint contains a variable rate of interest provision that states: "In no event will the Variable

Rate exceed the maximum interest rate allowed by the laws of the State of Ohio." ECF 81-2 at 2. Winne claims that the statutory maximum interest rate in Ohio is 8%, citing to O.R.C.A. § 1343.01 (2016), ECF No. 81 at 6, but that the note disclosure statement provides for an interest rate of 11.982%, *id.*, n.12. However, as Citizens pointed out at oral argument, the loan at issue in this case is actually governed by O.R.C.A. § 1109.20, which prescribes a maximum interest rate of 25%.[2] The rate of interest alleged to have been charged by Citizens, 11.982%, therefore does not exceed the maximum rate set by the contract. The Proposed Second Amended Complaint therefore fails to state a claim for breach of contract against Citizens, and the proposed amendment is futile.

## C. PNC's Objection

The claims asserted against PNC in both the First Amended Complaint and the proposed Second Amended Complaint are the same as the claims asserted against Citizens. As discussed above, there are no new allegations in the Proposed Second Amended Complaint that would change the analysis laid out in the order granting PNC's motion to dismiss, *see* ECF No. 109, and the motion for leave to amend is therefore denied as futile with respect to the TILA and MUTPA claims asserted

---

[2] Ohio Revised Code Annotated § 1109.20 provides in relevant part that "[a] bank may contract for and receive interest or finance charges at any rate or rates agreed upon or consented to by the parties to the loan contract, extension of credit, or revolving credit agreement, but not exceeding an annual percentage rate of twenty-five per cent." In contrast, O.R.C.A. § 1343.01 provides in relevant part that "[t]he parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent per annum payable annually[.]" Following the oral argument and in response to the Court's inquiry, Winne informed the Court that she does not dispute that O.R.C.A. § 1109.20 is the governing provision. ECF No. 103. Winne also made additional, unsolicited arguments in response to the Court's inquiry, which I do not consider.

9

against PNC. Similarly, the fraud, fraudulent concealment, and breach of contract claims asserted against PNC are identical to those asserted against Citizens, and fail for the reasons set forth above. Plaintiff's motion for leave to amend is denied with respect to the claims asserted against PNC.

**D. US Bank's Objection**

The Proposed Second Amended Complaint asserts claims against US Bank under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. § 1692, *et seq.*, the Maine Fair Debt Collection Practices Act ("MFDCPA"), 32 M.R.S.A. § 11001, *et seq.*, and the MUTPA, as well as common law claims for fraud, fraudulent concealment, and breach of contract. ECF No. 64-1 at 41-50. US Bank objects to Winne's motion for leave to amend on the basis that the amendment would be futile. ECF No. 72 at 3. US Bank asserted in its earlier motion to dismiss that Winne failed to establish personal jurisdiction, and that the substantive claims of the First Amended Complaint for violations of the FDCPA, MFDCPA, and MUTPA failed to meet the pleading standard of Rule 12(b)(6), *see* ECF No. 27, and argues that nothing in the proposed Second Amended Complaint remedies those defects, ECF No. 72 at 3.

In a separate order, I found that Winne had in fact alleged sufficient facts to survive US Bank's motion to dismiss. *See* ECF No. 109 at 16-19. Therefore, the proposed amendment would not be futile as to the FDCPA, MFDCPA, and MUTPA claims. *See Hatch*, 274 F.3d at 19. US Bank has not challenged the proposed amendment on grounds other than futility, *see* ECF No. 72, and there is no indication of bad faith, dilatory motive, or undue prejudice to US Bank if the motion is allowed,

10

*see Foman*, 371 U.S. at 182. Therefore, Winne's motion for leave to amend will be granted with respect to her FDCPA, MFDCPA, and MUTPA claims against US Bank.

US Bank also argues that Plaintiffs' proposed fraud and fraudulent concealment claims fail to meet the pleading standard of Rule 9(b). ECF No. 72 at 8-10. As noted earlier, to satisfy Rule 9(b)'s particularity requirement the Plaintiffs must specifically allege the time, place, and content of an alleged false representation. *See Hayduk*, 775 F.2d at 444. The Proposed Second Amended Complaint does not attribute any statements or representations to US Bank specifically. Viewing the complaint in the light most favorable to the Plaintiffs, it does not suggest that there was any direct communication, relationship or contact between US Bank and the Plaintiffs. *See* ECF No. 64-1. Therefore, the proposed Second Amended Complaint does not sufficiently state a claim for fraud or fraudulent concealment against US Bank, and Winne's motion for leave to amend as to those claims is denied on futility grounds. *See OfficeMax Inc. v. Cty. Qwik Print, Inc.*, 802 F. Supp. 2d 271, 284 (D. Me. 2011).

It is not clear from the proposed Second Amended Complaint whether the proposed breach of contract claim was intended to be asserted against US Bank, but Winne does not allege that she or any of the three putative plaintiffs ever entered into a contract with US Bank. *See* ECF No. 64-1. A breach of contract claim cannot be maintained against a person who is not a party to the contract. *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."). The proposed Second Amended Complaint therefore does

11

not state a plausible claim for breach of contract against US Bank, and the amendment would be futile.

**E.     NCSLT 2005-1's, NCSLT 2005-3's, Turnstile's, and Transworld's Objections**

NCSLT 2005-1, NCSLT 2005-3, Turnstile, and Transworld filed a joint objection to Winne's motion for leave to amend. ECF No. 74. The proposed Second Amended Complaint asserts claims against these Defendants under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. § 1692, *et seq.*, the Maine Fair Debt Collection Practices Act ("MFDCPA"), 32 M.R.S.A. § 11001, *et seq.*, and the Maine Unfair Trade Practices Act ("MUTPA"), 5 M.R.S.A. § 205-A, *et seq.*, as well as common law claims for fraud, fraudulent concealment, and breach of contract. These Defendants assert that the proposed Second Amended Complaint fails to comply with the pleading standards of Federal Rule of Civil Procedure 8 by virtue of its length (327 paragraphs) and lack of clarity. *Id.* at 3-6. They also argue that the proposed complaint misjoins plaintiffs under Federal Rule of Civil Procedure 20, *id.* at 6-7, and that the proposed fraud and fraudulent concealment claims fail to meet the standards of Rule 9(b), *id.* at 8-9.

   **1. Fed. R. Civ. P. 8**

Rule 8 states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The pleading rules are permissive, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002), and decisions to dismiss based on the pleading standards of Rule 8 are

within the discretion of the district court, *see Jackson v. Polaroid Corp.*, 181 F.3d 79 (1st Cir. 1999) (table decision) (reviewing dismissal for abuse of discretion).

The proposed Second Amended Complaint asserts several discrete claims against a large number of defendants, all allegedly arising out of a series of transactions on private student loans over the course of many years. Furthermore, the Plaintiffs are alleging fraud, which must be pleaded with particularity. In light of these circumstances, I find that the length and complexity of the Proposed Second Amended Complaint do not warrant the denial of the motion to amend. *See In re Glob. Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 211-12 (S.D.N.Y. 2003) (declining to dismiss 326-page, 840-paragraph complaint where suit involved multiples claims against multiple defendants, including complex accounting fraud claims); *see also Dennis v. DeJong*, 867 F. Supp. 2d 588, 619-20 (E.D. Pa. 2001) (declining to dismiss 166-page complaint, in part due to need for fraud to be pleaded with particularity).

Several of the averments contained in the proposed Second Amended Complaint are indeed argumentative. Read as a whole, however, the complaint adequately expresses the gravamen of the Plaintiffs' claims against these defendants, save in one important respect. There are many instances in which the complaint alleges acts or omissions by the "Defendants" without specifying which defendants. For example, paragraph 100 is preceded by 57 separate paragraphs specific to Plaintiff Winne's loans. Paragraph 100 then states: "The Defendants communicate with Winne for the purposes of attempting to collect alleged debts when they know or should know Winne is represented by counsel." ECF No. 64-1 at 15. Similarly, Paragraph 105 asserts, "Defendants also reported falsely to credit

13

reporting agencies that Winne was current in her payments on the alleged Private loans through 2010 in order to create the false impression her so-called delinquency is not time barred in a deceptive and misleading way." *Id.* at 16. The proposed Second Amended Complaint fails to identify which defendant or defendants are alleged to have communicated with Winne or to have made false credit reports. These are but two examples of numerous instances where the proposed Second Amended Complaint requires the defendants to guess as to who among them are the subjects of a particular averment.

The proposed Second Amended Complaint's failure to identify which defendants are alleged to have committed alleged acts or omissions will make it unreasonably difficult for each defendant to formulate an answer or otherwise respond, and might justify the denial of Plaintiff's motion. However, because this defect will be remedied if the Plaintiff is required to specify by name the defendant or defendants in every paragraph of the proposed Second Amended Complaint that currently refers to the "Defendant" or "Defendants," I will conditionally grant the motion, and require Winne to cure the defect in the Second Amended Complaint that she files in response to this order. *Cf.* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1378 (3d ed.) (noting that a court may, sua sponte, treat a defendant's motion as a motion for a more definite statement). The Defendants may file a motion to dismiss if they believe that Plaintiff has failed to adequately identify which defendant or defendants the complaint's averments apply to.

14

### 2. Joinder of Plaintiffs

The joinder of parties is governed by Rule 20, which states that multiple plaintiffs may join together in an action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). The joinder of parties is within the discretion of the district court, and the joinder rules "are construed liberally for the sake of convenience and economy[.]" *Cruz v. Bristol-Myers Squibb Co., PR, Inc.*, 699 F.3d 563, 569 (1st Cir. 2012).

The proposed Second Amended Complaint alleges that each of the four named Plaintiffs has been subjected to collection efforts by the same group of defendants on loans that are purportedly owned by the NCSLTs. *See* ECF No. 64-1. It further alleges that these loans were all purchased by The Education Resources Institute pursuant to its Chapter 11 bankruptcy Plan of Reorganization. *Id.* at 33-36. Accepting the plaintiffs' factual allegations as true, and drawing all inferences in their favor, I find that their claims arise out of the same series of transactions, and present common questions of law, including whether the NCSLTs had a right to undertake collection efforts, and whether the debt collection activities of the defendants violate the FDCPA and MFDCPA. Furthermore, each Plaintiff seeks the same injunctive relief against the Defendants on their own behalf and on behalf of a plaintiff class. Joinder of the named plaintiffs is therefore proper, and the motion for leave to amend is granted in this respect.

### 3. Fraud Claims

As noted earlier, fraud claims must be pleaded with particularity, and must be specific regarding the time, place, and content of an alleged false representation. *Murtagh*, 2013 WL 5348607, at *6. Although the NCSLTs, Turnstile, and Transworld argue that the fraud claims contained in the proposed Second Amended Complaint do not meet this standard because they are asserted generally and collectively against "Defendants," ECF No. 74 at 8, the proposed complaint does contain specific allegations of misrepresentations made by the NCSLTs, Turnstile, and Transworld at specific times, *see, e.g.,* ECF No. 64-1 at ¶¶ 107-10, 126, 148, 158, 162, 183, 184.

The particularity requirement of Federal Rule of Civil Procedure 9(b) requires that a complaint allege the "who, what, when, where, and how of the alleged fraud." *Hagerty ex rel. United States v. Cyberonics, Inc.*, 2016 WL 7321224, at *3, --- F.3d --- (1st Cir. Dec. 16, 2016) (quoting *United States ex rel. Ge v. Takeda Pharm. Co.*, 737 F.3d 116, 123 (1st Cir. 2013)). As I have already explained, the proposed Second Amended Complaint fails to sufficiently identify the "who" element. If, however, Plaintiff complies with the direction that she specify, by name, the defendant or defendants in every averment pleaded (and, in particular, paragraph 311 of the proposed Second Amended Complaint, which contains a distillation of each specific fraudulent statement or act alleged), this requirement will be satisfied.

The various allegations of false statements and misrepresentations contained in the proposed Second Amended Complaint are otherwise sufficient "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as

16

a 'strike suit'; and (3) to safeguard defendants from frivolous charges which might damage their reputations." *Enercon v. Glob. Comp. Supplies, Inc.*, 675 F. Supp. 2d 188, 191 (D. Me. 2009) (quoting *New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir. 1987)). Furthermore, the proposed Second Amended Complaint sets forth sufficient facts to infer that the Defendants were aware that their statements were false or misleading, *see id.* at 199, as it alleges that the defendants were involved in The Educational Resource Institute's bankruptcy proceedings, and therefore knew that the NCSLTs did not have the right to collect the loans at the time the Defendants sought to collect them, ECF No. 64-1 at 34, ¶ 232. Therefore, subject to Plaintiff identifying by name each defendant to whom each averment relates, the proposed Second Amended Complaint will satisfy the requirements of Rule 9(b) with respect to the fraud claims against the NCSLTs, Turnstile, and Transworld. *See Cota v. U.S. Bank Nat'l Ass'n*, 2016 WL 922784, at *6 (D. Me. Mar. 10, 2016) (finding pleadings sufficient under Rule 9(b) where plaintiffs alleged factual predicates of fraud claim); *see also Hamilton v. Fed. Home Loan Mortg. Corp.*, 2015 WL 144562, at *15 (D. Me. Jan. 12, 2015). Accordingly, the motion for leave to amend is conditionally granted with respect to those claims.

The fraudulent concealment claims in the proposed Second Amended Complaint, however, fail to meet the heightened pleading standard of Rule 9(b). The fraudulent concealment claims are redundant because they simply restate the allegations of fraud—e.g., asserting that the defendants failed to disclose that the NCSLTs did not have title to the loans, rather than asserting that they falsely represented that they did have title to them. *See* ECF No. 64-1 at 49, ¶ 316.

17

Furthermore, the allegations do not assert that any of the defendants had a duty to disclose the information allegedly withheld, a necessary element of fraudulent concealment. *Cf. Epstein*, 460 F.3d at 189-90 (holding that complaint failed to meet Rule 9(b) standard where it failed to explain how the actions complained of constituted fraud). Accordingly, the fraudulent concealment claims against the NCSLTs, Turnstile, and Transworld are not pled with particularity, and the motion for leave to amend is denied with respect to those claims.

These defendants do not object to the addition of the proposed breach of contract claims against them. ECF No. 74 at 9, n.2. Therefore, Winne's motion is granted with respect to the breach of contract claims.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion for Leave to Amend her Complaint a Second Time (ECF No. 64) is:

1. **DENIED** with respect to all claims against Defendants Citizens Bank, N.A. and PNC Bank, N.A.

2. **DENIED** with respect to the fraud, fraudulent concealment, and breach of contract claims against U.S. Bank National Association.

3. **DENIED** with respect to the fraudulent concealment claims against NCSLT 2005-1, NCLST 2005-3, Turnstile Capital Management, LLC, Transworld Systems, Inc., and all other defendants named in the proposed Second Amended Complaint.

4. **GRANTED** conditionally with respect to the fraud claims against the NCSLT defendants, Turnstile Capital Management, LLC, and Transworld

Systems, Inc.  Plaintiff is further **ORDERED** not to refer generally to the defendants in the allegations made in the Second Amended Complaint, but to instead identify in each averment the name or names of the specific defendant or defendants the averment relates to.

5. **GRANTED** in all other respects.
6. The Second Amended Complaint shall be filed within ten days.

**SO ORDERED.**

Dated this 17th day of January 2017.

                                                              /s/ **JON D. LEVY**
                                                           **U.S. DISTRICT JUDGE**