UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE EDUCATION RESOURCES ) | Case No. 08-12540 (HJB) |
| INSTITUTE, INC., ) | |
| ) | |
| Debtor. ) | |

## MOTION FOR ENTRY OF FINAL DECREE
## AND ORDER EXTENDING TERM OF PLAN TRUST

Stephen S. Gray, the Plan Trustee (the "Plan Trustee") appointed pursuant to the *Modified Fourth Amended Joint Plan of Reorganization of the Education Resources Institute, Inc. and the Official Committee of Unsecured Creditors as of August 26, 2010* (the "Plan"),[1] hereby files this Motion (the "Motion"), pursuant to Section 350 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Massachusetts Local Bankruptcy Rule ("MLBR") 3022-1, and Article 9.1 of the Plan Trust Agreement (defined herein) seeking entry of a final decree and an order, in substantially the form attached hereto as **Exhibit A**, (the "Final Decree") (i) closing the Debtor's bankruptcy case; and (ii) extending the term of the Plan Trust for an additional three (3) years through November 19, 2018.

In further support of this Motion, the Plan Trustee respectfully states as follows:

---

[1] Capitalized terms not defined herein shall have the meaning given them in the Plan or the Plan Trust Agreement (as defined below), as applicable.



8.  Since the Effective Date, the Plan Trustee has made eight (8) interim distributions to holders of Allowed General Unsecured Claims, aggregating a 21.5% to-date recovery. The Plan Trustee anticipates that he will continue to administer the Plan Trust Assets, and make regular distributions to such creditors until such time as the TERI-Owned Loans are fully collected or sold. To best monetize those assets, the Plan Trustee seeks to extend the term of the Plan Trust for an additional three (3) years to accomplish such collection or sale.

9.  Pursuant to Article 9.1 of the Plan Trust Agreement, the term of the Plan Trust may be extended if the Bankruptcy Court authorizes such extension as necessary to carry out the liquidating purpose of the Plan Trust. See Plan Trust Agreement, Art. 9.1. Although the Chapter 11 Case has been fully administered, the portfolio of TERI-Owned Loans continues to generate a significant return for the holders of Allowed General Unsecured Claims. The Plan Trustee intends to continue his efforts to collect and liquidate the TERI-Owned Loans, and thereby maximize their ultimate recovery. Accordingly, the Plan Trustee seeks an order extending the term of the Plan Trust for an additional three (3) years. Absent such extension, the Plan Trust is scheduled to terminate five (5) years from the Effective Date, or on November 19, 2015.

10. Further, pursuant to Section 7.2 of the Plan, upon the Effective Date, the Plan Trustee was given the exclusive right to make, file, and prosecute objections to Claims (as defined therein). The Plan Trustee has carried out his responsibilities contemplated by the Plan, the Plan Trust Agreement, and the Confirmation Order, including without limitation, by resolving the claims of Nellie Mae Education Foundation, Inc. and objecting to twenty-five (25) other creditor claims. As of the date hereof, the Plan Trustee has completed the claim resolution process.

11. As of the date hereof, there are no pending matters in this Chapter 11 Case.

statements required by MLBR 3022-1(c). In view of the foregoing, the Plan Trustee respectfully requests that the Court issue a Final Decree closing this Chapter 11 Case.

### B. Statements Required by MLBR 3022-1(c)

15. MLBR 3022-1(c) requires a motion for final decree to contain certain statements made under oath by an individual with personal knowledge. In accordance with MLBR 3022-1(c), and as attested to herein, the Plan Trustee represents that:

(a) **Substantial Consummation**: The Plan, as confirmed by the Court, has been substantially consummated in accordance with Section 1101(2) of the Bankruptcy Code, the provisions of the Plan, the Confirmation Order, and all subsequent orders of the Court, and as a result, this Chapter 11 Case may be closed in accordance with Bankruptcy Rule 3022.

(b) **Administrative Expense Claims**: The Plan Trustee has paid all Allowed Administrative Expense Claims, including court-authorized professional compensation and costs (except for any final payments to professionals authorized by the Plan Trust Agreement). The Administrative Expense Claims are set forth on the attached **Exhibit B**, which lists, among other things, the names and addresses of, and amounts paid to, such persons, entities, governmental units, and professionals.

(c) **Priority Claims**. The Plan Trustee has paid all Allowed Priority Claims, as set forth on the attached **Exhibit C** which lists, among other things, the names and addresses of, and amounts paid to, such persons, entities, and governmental units.

(d) **General Unsecured Claims**. The Plan Trustee has commenced making distributions to holders of General Unsecured Creditors prescribed by the Plan, as evidenced by the attached **Exhibit D**, which lists, among other things, the names and addresses of, and amounts paid to, such recipients. To date, holders of Allowed General Unsecured Claims have received 21.5% of their Allowed General Unsecured Claims. The creditors listed on Exhibit D shall continue to receive distributions, following entry of the Final Decree. All remaining distributions under the Plan will be made in accordance with the terms of the Plan Trust, and the attached Exhibit D. 

(e) **Unclaimed Distributions**. Article 5.5(g) of the Plan provides that any checks issued by the Plan Trustee in respect of Allowed Claims will be null and void if not negotiated within one hundred and twenty (120) days of issuance. **Exhibit E** lists the names and addresses of, and amounts and dates paid to, such recipients of unclaimed distributions. The Plan Trustee requests that the Final Decree acknowledge that the unclaimed distributions on Exhibit E are deemed unclaimed property under section 347(b) of the Bankruptcy Code and become unencumbered

Case has been fully administered, and that this bankruptcy proceeding should be closed by entry of the Final Decree.

17.  The Plan Trustee is in possession of certain of the Debtor's books and records, and specifically, certain books and records related to the TERI-Owned Loans. Upon completion of the collection or sale of the TERI-Owned Loans, the Plan Trustee shall destroy, and/or transfer, all such books and records to the buyer, in a reasonably and appropriately secured fashion. The Plan Trustee requests that, as a supplement to its general authority under the Plan, the Final Decree provide the Plan Trustee with the specific authority to take such action. All other books and records not related to the TERI-Owned Loans shall be abandoned at that time.

### Notice

18.  Pursuant to MLBR 3022-1(e), the Plan Trustee has served copies of this Motion and its related exhibits on (i) the members of the Committee; (ii) counsel to the Committee; (iii) any party who filed an appearance in the case and requested service of pleadings; (iv) the Office of the United States Trustee; (v) the parties set forth on Exhibits B-G at their known addresses provided therein; and (vi) Reorganized TERI. The Plan Trustee respectfully represents that no other or further notice of this Motion is required or warranted.

**WHEREFORE**, the Plan Trustee respectfully requests that this Court enter the Final Decree, in substantially the form filed herewith, closing this Chapter 11 Case, extending the term of the Plan Trust for an additional three (3) years, and granting such other relief as is just and proper.

*[signature page to follow]*

Case 1:16-cv-00229-JDL   Document 202-1   Filed 06/14/17   Page 5 of 6   PageID #: 1733

Case 08-12540    Doc 1294-5    Filed 11/18/15    Entered 11/18/15 11:48:55    Desc
Exhibit General Unsecured Creditor Claims    Page 1 of 4

**EXHIBIT D**

Case 1:16-cv-00229-JDL   Document 202-1   Filed 06/14/17   Page 6 of 6   PageID #: 1734

Case 08-12540   Doc 1294-5   Filed 11/18/15   Entered 11/18/15 11:48:55   Desc
Exhibit General Unsecured Creditor Claims   Page 3 of 4

**TERI Plan Trust**
**Exhibit D - General Unsecured Creditor Claims**
November 19, 2010 through October 31, 2015

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip Code | Allowed General Unsecured Amount | Amount Paid To-Date |
|---|---|---|---|---|---|---|---|---|
| KSLT 2003-A | KeyBank NA | Attn: Krista Neal | 4910 Tiedman Road, 6th Floor | Brooklyn | OH | 44144 | $623,586.00 | $134,070.99 |
| KSLT 2004-A | KeyBank NA | Attn: Krista Neal | 4910 Tiedman Road, 6th Floor | Brooklyn | OH | 44144 | $803,372.00 | $172,724.98 |
| KSLT 2005-A | KeyBank NA | Attn: Krista Neal | 4910 Tiedman Road, 6th Floor | Brooklyn | OH | 44144 | $377,533.00 | $81,169.60 |
| KSLT 2006-A | KeyBank NA | Attn: Krista Neal | 4910 Tiedman Road, 6th Floor | Brooklyn | OH | 44144 | $362,215.00 | $77,876.23 |
| Lake Contracting Inc. | 5 Middlesex Ave | | | Somerville | MA | 02145 | $52,565.54 | $11,301.61 |
| Lea Robinson | 509 W 155th St Apt 5D | | | New York | NY | 10032-7608 | $261.45 | $50.97 |
| Lydecker Diaz | Alan S Feldman | 1221 Brickell Ave, 19th Floor | | Miami | FL | 33131 | $2,178.55 | $468.41 |
| Maine Education Loan Authority (MELA) | Attn: Shirley Erickson | 131 Presumpscott St. | | Portland | ME | 04103 | $6,466.00 | $1,390.19 |
| Manufacturers and Traders Trust Company | c/o Jeffrey R Waxman, Esq. | Cozen O'Connor | 1201 N Market Street, Suite 1400 | Wilmington | DE | 19801 | $117,110.00 | $25,178.65 |
| Mary Harriman | PO BOX 1835 | | | Brockton | MA | 02303 | $40.00 | $6.00 |
| MB Financial Bank NA | Attn: Thomas Prothero | 6111 North River Road | | Rosemont | IL | 60018 | $9,509.00 | $2,044.44 |
| McCourt Associates/Wilson Learning | McCourt Associates, LLC | 260 Riverside Avenue, Suite 301 | | Westport | CT | 06880 | $1,795.00 | $385.93 |
| Members 1st Federal Credit Union | Natalie J Keyser | 5000 Louise Drive | | Mechanicsburg | PA | 17055 | $166,089.00 | $35,709.14 |
| National City Bank (n/k/a PNC Bank) | PNC Bank | Attn: Tom Lustig | 2600 Liberty Avenue, Suite 200 | Pittsburgh | PA | 15222 | $206,358.00 | $44,366.97 |
| National City Bank (n/k/a PNC Bank) | PNC Bank | Attn: Tom Lustig | 2600 Liberty Avenue, Suite 200 | Pittsburgh | PA | 15222 | $256,320.00 | $55,108.80 |
| National Collegiate Master Trust | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $8,244,647.00 | $1,772,599.11 |
| National Collegiate Trust 2002-CP1 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $300,000.00 | $64,500.00 |
| National Collegiate Trust 2003-1 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $7,853,443.00 | $1,688,490.25 |
| National Collegiate Trust 2004-1 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $6,642,872.00 | $1,428,217.48 |
| National Collegiate Trust 2004-2 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $14,200,000.00 | $3,053,000.00 |
| National Collegiate Trust 2005-1 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $8,700,000.00 | $1,870,500.00 |
| National Collegiate Trust 2005-2 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $9,300,000.00 | $1,999,500.00 |
| National Collegiate Trust 2005-3 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $27,600,000.00 | $5,934,000.00 |
| National Collegiate Trust 2006-1 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $21,800,000.00 | $4,687,000.00 |
| National Collegiate Trust 2006-2 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $22,900,000.00 | $4,923,500.00 |
| National Collegiate Trust 2006-3 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $14,000,000.00 | $3,010,000.00 |
| National Collegiate Trust 2006-4 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $21,100,000.00 | $4,536,500.00 |
| National Collegiate Trust 2006-A | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $468,871.00 | $100,807.27 |
| National Collegiate Trust 2007-1 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $13,900,000.00 | $2,988,500.00 |
| National Collegiate Trust 2007-2 | US Bank | c/o FMDS | 800 Boylston Street, 34th Floor | Boston | MA | 02199 | $10,200,000.00 | $2,193,000.00 |
| Navient(fka ECFC) | Navient Credit Finance Corporation | ATTN Peter Greco, VP & Associate General | 11100 USA Parkway - E3147 | Fishers | IN | 46037 | $490,918.00 | $105,547.37 |
| Nellie Mae Education Foundation | Attn: Mike Carey | 1250 Hancock Street | | Quincy | MA | 02169 | $415,000.00 | $89,225.00 |
| Nexsen Pruet, PLLC | Benjamin Kahn | 701 Green Valley Rd, Suite 100 | | Greensboro | NC | 27408 | $4,008.93 | $861.92 |
| OSI Education Services Inc | Pete Afterbach | 507 Prudential Road | | Horsham | PA | 19044 | $28,945.73 | $6,223.35 |
| Peabody Office Furniture Corp | Corporate Headquarters | 234 Congress Street | | Boston | MA | 02110-2488 | $6,670.00 | $1,434.05 |
| Penn Security Bank and Trust | c/o Myles R Wren, Esquire | Nogi, Appleton, Weinberger & Wren PC | 415 Wyoming Ave | Scranton | PA | 18503 | $212,035.00 | $45,587.53 |
| Perkins & Will Inc | 1315 Peachtree Street NE | | | Atlanta | GA | 30309 | $5,760.00 | $1,238.40 |

