UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE C. FORRESTER WINNE, et als,<br><br>Plaintiffs<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUSTS, et als,<br><br>Defendants | Civil Action Docket No.<br>1:16-cv-00229-JDL |

**PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD WITH THE DEPOSITION TRANSCRIPT OF BRADLEY LUKE, SENIOR LITIGATION PARALEGAL, TRANSWORLD SYSTEMS, INCORPORATED**

Pending before the Court are three motions to dismiss filed by 13 of the National Collegiate Student Loan Trusts ("Trusts" ECF 154), Wilmington Trust Company ("Wilmington" ECF 155), and First Marblehead Corporation ("FMC" ECF 167). A hearing on the motions is scheduled for August 1, 2017 (ECF 190).

In responding to each motion, the "plaintiff bears the burden of proving the court's personal jurisdiction over the defendant." *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002). To that end, plaintiffs produced evidence offered to show the exercise of personal jurisdiction over defendants is constitutionally permissible and that the Second Amended Complaint ("SAC") adequately sets forth claims under state and federal law. (ECF 164, 165, 202 and 204)

Referenced in the SAC are two wrongful collection actions brought by NCSLT 2006-3 and 2007-1 against Sarah Coffey and her mother Vickie McMullen in Portland District Court. (ECF 112, pages 16 – 25). In connection with those related state court cases, the Rule 30(b)(6) deposition of NCSLT 2006-3 and 2007-1 was taken by plaintiffs' counsel on June 16, 2017.

Appearing for the two Trusts was Bradley Luke, Senior Litigation Paralegal for Transworld System, Inc. ("TSI"), also a defendant in this case[1].

The deposition transcript of Bradley Luke and related exhibits are attached hereto as **Exhibits A and B,** and submitted in support of plaintiffs' objections to the pending motions to dismiss. This evidence is offered to show, among other things, that:

1. There are no paper "records" of the student loans being collected by the defendants in the name of the Trusts, only several unreliable electronic databases that have been passed around and between numerous parties.

2. "Documents" used in state court lawsuits by defendants to fraudulently obtain default and summary judgments against student borrowers are created by the extraction and printing of select and deceptive data from databases and servers by people without personal knowledge.

3. The primary evidence of alleged student indebtedness used by defendants to collect loans once owned by the Trusts is the electronic account information created and maintained by the American Education Services ("AES").

4. In order to obtain default and summary judgments, TSI falsely represents to state courts under oath to be the "custodian" of AES records for purposes of Fed. R. Evid. 803(6) in order to establish an amount "due." In fact, TSI can merely look at and print information created by others from a database created by AES that was later passed to First Marblehead Education Resources, and a company called "NCO" that later morphed and became TSI. Thereafter numerous other debt collectors such as Abrahamsen Ratchford are granted access.

---

[1] Mr. Luke was present in this Court on November 17, 2016 for the hearing on previously filed motions to dismiss by US Bank National Association ("US Bank"), PNC Bank, N.A. and Citizens Bank, N.A (ECF 109)

5.      Information contained in the AES database on which defendants rely *but conspicuously missing from the documents created for purposes of unlawfully collecting loans* includes the purchase of the loans by TERI. (ECF 202-2, 202-3, 202-4)

6.      TSI claims to rely on the trustworthiness of AES student account information in its debt collection efforts, but disputes TERI purchased plaintiffs' loans on the basis of (1) Mr. Luke reviewed the TERI Bankruptcy Docket[2] and concluded no such purchase took place, (2) Mr. Luke had a conversation with a couple of guys at FMC a few years back who told him TERI had no money available in its pledged accounts to purchase any loans, and (3) "the fact that TSI currently has the account…because had TERI paid if off…the account would have never went to FMC, NCO and TSI." (Depo of Like pages 132 – 147).

Plaintiffs could not have filed the transcript of Bradley Luke with their previously referenced objections because the deposition just recently occurred and the transcript was made available only yesterday.

WHEREFORE plaintiffs respectfully request that the record be supplemented in advance of the August 1st hearing on defendants' motions to dismiss to include the deposition transcript of Bradly Luke filed herewith, and for such additional relief the court deems just and appropriate.

DATED at Portland, Maine this 29th day of June 2017.

---

[2] Mr. Luke has not graduated from high school, has no paralegal training and the TERI Bankruptcy docket has over 1000 entries.

                                   /s/Cynthia A. Dill
                                   Cynthia A. Dill
                                   Maine Bar No. 007055
                                   TROUBH HEISLER, PA
                                   511 Congress Street, 7th floor
                                   P.O. Box 9711
                                   Portland, ME 04104-5011
                                   Tel: 207-780-6789
                                   Email: cdill@troubhheisler.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 29, 2017 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record. Parties may access this filing through the Court's system.

                              By:    /s/ Cynthia A. Dill
                                       Cynthia A. Dill, Esq.
                                       Attorney for Plaintiffs
                                       Jane C. Forrester Winne,
                                       Sarah N. Coffey,
                                       Vickie L. McMullen and
                                       Karin A. Hills