UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE C. FORRESTER WINNE, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT<br>LOAN TRUST 2005-1, et al.,<br><br>              Defendants. | Civil Action No. 1:16-cv-00229-JDL |

**DEFENDANT THE FIRST MARBLEHEAD CORPORATION n/k/a COGNITION FINANCIAL CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD WITH THE DEPOSITION TRANSCRIPT OF BRADLEY LUKE, SENIOR LITIGATION PARALEGAL, TRANSWORLD SYSTEMS, INCORPORATED**

Defendant The First Marblehead Corporation n/k/a Cognition Financial Corporation ("First Marblehead") respectfully submits this Memorandum of Law in Opposition to Plaintiffs' Motion to Supplement the Record with the Deposition Transcript of Bradley Luke, Senior Litigation Paralegal, Transworld Systems, Incorporated (ECF No. 206) ("Motion to Supplement").

**I.   Introduction.**

Plaintiffs' Motion to Supplement should be denied for two reasons. *First*, use of the deposition is barred by Federal Rule of Civil Procedure 32 because Plaintiffs did not notify First Marblehead of the Luke deposition, so that First Marblehead did not have the opportunity to attend the deposition Plaintiffs seek to use against it. *Second*, while Plaintiffs state they are offering the deposition as evidence to establish that the Court has personal jurisdiction as to First Marblehead and others, the deposition is irrelevant to the personal jurisdiction argument made in

First Marblehead's motion to dismiss (ECF No. 167) ("Motion to Dismiss"). The Motion to Supplement does not argue that that the deposition contradicts any of the evidence used by First Marblehead to establish that the Court lacks personal jurisdiction over First Marblehead, nor does it identify any relevant evidence. Therefore, the Motion to Supplement should be denied.

However, if the Court does consider the Luke Transcript, it still should grant First Marblehead's Motion to Dismiss for lack of personal jurisdiction. The Luke deposition *supports* First Marblehead's Motion to Dismiss because it confirms that First Marblehead ceased acting on behalf of the trusts in 2012 and that First Marblehead does not have any agreements that would allow it to control U.S. Bank.

**II.   Background.**

Plaintiffs filed their Second Amended Complaint (ECF No. 112) ("SAC") on January 20, 2017, adding 17 new defendants, including First Marblehead. First Marblehead moved to dismiss the claims against it on May 17, 2017. First Marblehead's Motion to Dismiss included an argument that the claims against it should be dismissed because the Court lacks personal jurisdiction over it. Mot. to Dismiss at 6-11.

Two weeks later, on June 1, 2017, Plaintiffs served a Second Amended Notice of Deposition of Plaintiff Pursuant to Rule 30(b)(6) on National Collegiate Student Loan Trust 2006-3 ("NCSLT 2006-3") in a matter pending in state court. ECF No. 206-2 at 1. The deposition was noticed for June 16, 2017. First Marblehead is not a party to that action and did not receive notice of this deposition prior to receiving the Motion to Supplement.

On June 14, 2017, Plaintiffs filed their opposition to the Motion to Dismiss (ECF No. 202) ("Motion to Dismiss Opposition"). Plaintiffs' opposition did not include any notice or

warning that Plaintiffs would be taking a deposition in another matter in which they intended to seek testimony that they would attempt to use to oppose the Motion to Dismiss.

Two days later, on June 16, 2017, Plaintiffs deposed Bradley Luke as the Rule 30(b)(6) designee for NCSLT 2006-3 ("Luke Deposition") in the state court matter. On June 28, 2017, First Marblehead filed a reply in support of the Motion to Dismiss (ECF No. 205). The next day, Plaintiffs filed their Motion to Supplement, which seeks to have the Court consider the transcript from the Luke Deposition ("Luke Transcript" attached as Ex. 1 to the Mot. to Supplement, ECF No. 206-1) when deciding personal jurisdiction for the Motion to Dismiss. Mot. to Supp. at 1.

### III. Federal Rule of Civil Procedure 32 Bars Plaintiffs' Use of Testimony from the Luke Deposition Against First Marblehead.

Federal Rule of Civil Procedure 32 "governs the use of depositions in court proceedings [and] impliedly prohibits the use of a deposition against any party who was not present or represented at the taking of such deposition or who had no reasonable notice thereof." *George R. Whitten, Jr., Inc., v. State University Construction Fund*, 359 F. Supp. 1037, 1039 (D. Mass. 1973), *aff'd*, 493 F.2d 177 (1st Cir. 1974). "The rule is based on an elementary principle of justice towards the party against whom the former deposition is [offered.]" *Alamo v. Pueblo Int'l, Inc.*, 58 F.R.D. 193, 194-95 (D.P.R. 1972). Additionally, under Rule 32, deposition testimony is admissible only to the extent that it satisfies the rules of evidence. F.R.Civ.P. 32(a)(1)(B) (a deposition may only be used on the condition "it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying").

Plaintiffs' Motion to Supplement should be denied because Plaintiffs denied First Marblehead the opportunity to attend the deposition. Plaintiffs knew the Motion to Dismiss included a personal jurisdiction argument two weeks before they noticed the Luke Deposition and nearly a month before they actually took the deposition. Despite this knowledge, they

3

deliberately concealed their plans to use the Luke Deposition as an opportunity to take discovery related to the Motion to Dismiss. First Marblehead's lack of notice and consequent inability to attend the Luke Deposition is entirely Plaintiffs' fault. For this reason alone, Plaintiffs' Motion to Supplement should be denied.[1]

The Motion to Supplement also should be denied because Plaintiffs have not sufficiently shown the testimony they seek to use is admissible under the Federal Rules of Evidence if the deponent were present and testifying, because the testimony described in the Motion to Supplement is irrelevant. The facts relevant to personal jurisdiction for First Marblehead are that (i) First Marblehead does not have any employees in Maine and it is not registered to do business in Maine; (ii) First Marblehead and its affiliates ceased acting on behalf of the trusts in 2012; and (iii) First Marblehead has no right or ability to direct the action of any other Defendant that would allow that Defendant's conduct to be imputed to First Marblehead for personal jurisdiction. Plaintiffs do not claim that the deposition is offered to show that any of these facts are contradicted. Mot. to Supp. at 2-3 ¶¶ 1-6. Only paragraph six of the Motion to Supplement references First Marblehead by stating Mr. Luke testified that he "had a conversation with a couple guys at FMC a few years back who told him that TERI had no money available in its pledged account to purchase any loans" and "'the fact that TSI currently has the account . . . because had TERI paid [it] off . . . the account would have never went to FMC, NCO, and TSI.'" Plaintiffs fail to explain how that testimony relates in any way to First Marblehead's personal

---

[1] Where a deposition is offered against a party not present at the deposition, courts only allow an exception to the general rule if there was an adversary present with the same motive to cross-examine the deponent, coupled with a substantial identity of issues. *George R. Whitten, Jr., Inc.*, 359 F. Supp. at 1039. The only adversary to Plaintiffs' questioning at the deposition, NCSLT 2006-3 (ECF 206-1 at 1), has not raised a personal jurisdiction argument and had no interest in cross-examining Mr. Luke regarding facts relevant to First Marblehead's personal jurisdiction argument. Thus, the exception to the general rule does not apply here.

jurisdiction arguments.[2]  This testimony is irrelevant and not admissible under the Federal Rules of Evidence.  *See Fenstermacher v. Philadelphia Nat'l Bank*, 493 F.2d 333, 338 (3d Cir. 1974) (court was justified in refusing introduction into evidence of depositions where only statement by movant as to the relevance of the proffered evidence was that it was being introduced "[t]o prove my case").

### IV. The Luke Deposition, if Considered by the Court, Confirms That the Court Lacks Personal Jurisdiction Over First Marblehead.

Nothing in the Luke Transcript, if considered by the Court, establishes personal jurisdiction over First Marblehead.  To the contrary, Luke's testimony confirms the facts that First Marblehead established to show that personal jurisdiction does not exist, including that (i) neither First Marblehead nor any of its subsidiaries have acted on behalf of the trusts since 2012; and (ii) First Marblehead has not entered into any agreements with any Defendant that would allow it to direct U.S. Bank's actions on behalf of the trusts.  Additionally, the testimony confirms that, contrary to Plaintiffs' assertions, during the time of the complained of debt collection activity, TSI, not First Marblehead, independently maintained and housed the electronic data related to Plaintiffs' loans.

*First*, in addition to Plaintiffs' own admissions that First Marblehead resigned as the Special Servicer in 2012, SAC ¶¶ 205, 242, Luke's testimony shows none of the Plaintiffs had any contact with First Marblehead.  Luke testified that First Marblehead Education Resources, Inc. "serviced the loan for a short period of time" and then "as of November 1, 2012, they transferred [the loans] to NCO Financial Systems." Luke Dep. Tr. 68:11-15.  This testimony

---

[2] Paragraph four references First Marblehead affiliate First Marblehead Education Resources, Inc., now known as Cognition Lending Corporation, which is not a party to this case.  Paragraph four does not contradict First Marblehead's evidence that neither it, nor any of its affiliates, have acted on behalf of the trusts or directed anyone else to act on behalf of the trusts since 2012.

confirms the evidence previously offered by First Marblehead to show that it and its affiliates ceased acting or directing others to act on behalf of the trusts in 2012, two years before the at-issue conduct in this case.

*Second*, Luke testified that NCSLT 2006-3 contracted with U.S. Bank, not First Marblehead, who in turn contracted with TSI to collect Plaintiffs' debt, Luke Dep. Tr. 154:2-5; 174:13-20.  The Luke Transcript contains no testimony regarding any agreement between First Marblehead and any of the Defendants in this case that would allow First Marblehead to direct the complained of debt collection activity.  There is no such testimony because First Marblehead ceased acting on behalf of the trusts in 2012, and the at-issue conduct occurred starting in 2014.

*Third*, contrary to Plaintiffs' motion arguments, First Marblehead did not "manage[] a database" that was "used simultaneously by defendants" to collect Plaintiffs' loans.  Mot. to Dismiss Opp'n at 15-16.  Rather, as Luke testified, "[w]hen First Marblehead stepped down and NCO was put in place as the special servicer in November 1 of 2012, those [loan] records were transferred from First Marblehead to NCO."[3]  Luke Dep. Tr. 139:7-13.  Next, the "servers that were tasked with maintaining and housing the electronic data and documents pertaining to the National Collegiate Student Loan Trust portfolios . . . were transferred from NCO to TSI."  Luke Dep. Tr. 176:18-23.  Thus, TSI, not First Marblehead, independently maintained and housed information related to Plaintiffs' loans, which was only accessible to employees of TSI.  Luke Dep. Tr. 177:17-23.  Therefore, if considered by the Court, the Luke Deposition confirms that the Court lacks specific personal jurisdiction as to First Marblehead and further supports First Marblehead's Motion to Dismiss.

---

[3] Plaintiffs have alleged First Marblehead "maintained rights" to a database."  SAC ¶ 37.  As First Marblehead noted in its Reply in support of the Motion to Dismiss, they cannot amend the SAC to state that it "managed" a database through their Mot. to Dismiss Opposition.  ECF No. 205 at 4 n.5.

6

## CONCLUSION

WHEREFORE, for the reasons stated above, The First Marblehead Corporation respectfully requests that this Court deny Plaintiffs' Motion to Supplement.

Dated:  July 7, 2017  /s/ John W. Van Lonkhuyzen
John W. Van Lonkhuyzen
Maine Bar No. 3487
VERRILL DANA LLP
One Portland Square, P.O. Box 586
Portland, Maine 04112-0586
Tel: (207) 774-4000
jvanlonkhuzen@verrilldana.com

Robyn C. Quattrone (*Pro Hac Vice*)
Amanda Raines Lawrence (*Pro Hac Vice*)
BUCKLEY SANDLER LLP
1250 24th Street NW, Suite 700
Washington, DC 20037
Tel: (202) 349-8000
rquattrone@buckleysandler.com
alawrence@buckleysandler.com

Scott Sakiyama (*Pro Hac Vice*)
BUCKLEY SANDLER LLP
353 N. Clark Street, Suite 3600
Chicago, Illinois 60654
Tel: (312) 924-9800
ssakiyama@buckleysandler.com

*Attorneys for Defendant The First Marblehead Corporation n/k/a Cognition Financial Corporation*

## CERTIFICATE OF SERVICE

This document was filed electronically on the above date and is available for viewing and downloading from the Court's ECF system.  Service was made on that date on counsel of record for Plaintiffs and other Defendants through the Court's ECF system.

/s/ John W. Van Lonkhuyzen
John W. Van Lonkhuyzen